UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOUGLAS ROBERTSON (#91333)            CIVIL ACTION

VERSUS

N. BURL CAIN            NO. 15-443-BAJ-RLB

ORDER

        This matter comes before the Court on the plaintiff's Motion to Expedite Judgment on Merits of Pending 1st Original Federal Writ of Habeas Corpus Petition (R. Doc. 11).  On or about July 15, 2015, the plaintiff filed a 28 U.S.C. § 2254 application herein challenging his conviction for first degree robbery and seeking to raise *inter alia* claims that he was actually innocent as shown by lack of DNA evidence, fingerprint evidence, and a suggestive photo identification. *See* R. Doc. 1.  The Court determined that the plaintiff's application was successive and ordered that it be considered, in part, as a motion for authorization to proceed with a successive habeas corpus application.  *See* R. Docs. 3 and 5.  The United States Court of Appeals for the Fifth Circuit denied the plaintiff's motion for authorization to file a successive § 2254 application.  After noting that the plaintiff has made several attempts to file a second or successive § 2254 application, the plaintiff was warned that the filing of repetitious or frivolous motions for authorization to file successive habeas corpus applications would invite the imposition of sanctions.  *See* R. Doc. 6.

        As petitioner is aware, 28 U.S.C. § 2244(b)(1) and (2) authorize dismissal of "second and successive" habeas corpus petitions, and § 2244(b)(3) directs a petitioner filing a "second and successive" habeas to obtain authorization from the appropriate Court of Appeals before filing the petition in District Court.

The plaintiff's pending Motion is subject to interpretation under Federal Rule of Civil Procedure 60.  A motion arising under Rule 60 which presents a "claim" for habeas corpus relief must be considered "second and successive" and therefore subject to the gate keeping provisions of § 2244(b).  A Rule 60 motion must be construed as a habeas claim "... when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits." *Ruiz v. Quarterman,* 504 F.3d 523, 526 (5th Cir. 2007), citing *Gonzalez v. Crosby,* 545 U.S. 524, 533 (2005).  If a Rule 60 Motion is construed as a "second and successive" habeas, the District Court must dismiss for lack of jurisdiction.  However, "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Gonzalez v. Crosby*, *supra*.

The petitioner's pending Motion again seeks to assert a claim of actual innocence as shown by lack of DNA evidence, fingerprint evidence, and a suggestive photo identification. The Motion is another attempt to collaterally attack the petitioner's state court conviction. Accordingly, his Motion must be construed as a successive petition for habeas corpus relief filed pursuant to § 2254.

28 U.S.C. § 2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  The petitioner's claims are clearly successive.  As the petitioner has not yet received permission from the Court of Appeals to file

this successive petition in the District Court as required by statute, this Court lacks jurisdiction to consider his claims.

The petitioner previously filed three similar motions (R. Docs. 7, 8, and 9), which were dismissed for lack of jurisdiction on February 19, 2016, after the Court determined that the motions were a successive habeas application for which the plaintiff had not obtained permission from the Court of Appeals to file.  Accordingly,

**IT IS ORDERED** that petitioner's Motion (R. Doc. 11) be construed as a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254; that it be deemed successive; and, that it be **DISMISSED** for lack of jurisdiction because petitioner did not obtain permission from the United States Court of Appeals for the Fifth Circuit prior to filing.  The petitioner is warned that the filing of further repetitious motions will invite the imposition of sanctions.

Baton Rouge, Louisiana, April 13, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA